IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 15 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00889-BNB

WAYNE MICHAEL KLINCK,

    Applicant,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

## ORDER OF DISMISSAL

---

### 1. Background

Applicant Wayne Michael Klinck is a prisoner in the custody of the Colorado Department of Corrections at the Boulder Community Treatment Center in Boulder, Colorado. Mr. Klinck initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in the Arapahoe County District Court in Case No. 93CR898.[1] In an order entered on May 20, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response (Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 9, 2008, Respondents filed an Answer, and on July 15, 2008, Mr. Klinck filed a Reply to the Answer.

---

[1] Although on Page Two of the Application Mr. Klinck identifies the case number of his state criminal case as 98CR898, based on the information provided by both Applicant and Respondents the correct case number is 93CR898.

In his Application, Mr. Klinck asserts that on December 5, 1994, he pled guilty to attempted second degree assault and was sentenced to four years of probation and to a deferred judgment that includes a sentence for first degree murder if he violated the terms of his probation. (Application at 2.) On August 14, 1996, his probation was revoked, and he was resentenced to eighteen years of incarceration. (Application at 1-2.) He did not file a direct appeal, but filed several postconviction motions. (Application at 2-4(iii).) He filed his first postconviction motion on August 9, 1999. (Application at 4.) The motion was denied on December 9, 1999, but he did not appeal. (Application at 4.) He also filed a motion for reduction of sentence in 2003, that was denied on January 23, 2004, from which he did not appeal. (Application at 4(i).) He filed another postconviction motion sometime in 2004 or 2005 that was denied on May 10, 2005, and again did not appeal. (Application at 4(ii)-(iii).) He then filed an additional postconviction motion on November 9, 2005, in which his petition for writ of certiorari to the Colorado Supreme Court was denied on January 14, 2008. (Application at 4(ii)-(iii).)

In the Answer, Respondents assert that Mr. Klinck pled guilty on December 8, 1994, to first degree assault, attempted second degree assault, and third degree assault. (Answer at 2.) He received a deferred judgment and sentence of four years of probation, but he violated the probation and the deferred judgment was revoked. (Answer at 2.) He then was sentenced to eighteen years in prison on August 14, 1996. (Answer at 2.) Mr. Klinck did not appeal his conviction and sentence, but he filed a motion for sentence reconsideration followed by a motion for additional presentence credit and several Colo. R. Civ. P. 35(c) postconviction motions. (Answer at 3.)

2

Respondents also assert that Mr. Klinck filed the motion for sentence reconsideration on December 10, 1996, that the motion was denied on December 20, 1996, but Mr. Klinck did not appeal the denial. (Answer at 3.) The motion for additional presentence credit was filed on January 28, 1997, and granted on June 13, 1997. (Answer at 3.) Mr. Klinck filed a Rule 35(c) motion on August 5, 1999, that was denied on December 9, 1999, and he did not appeal. (Answer at 3.) He filed several Rule 35(c) motions between August 23, 2001, and November 1, 2004, all of which were denied, but he again did not appeal. Finally, in January 2005 Mr. Klinck, through counsel, filed a motion to amend and add postconviction claims, the court granted the motion, and in November 2005 counsel filed a postconviction motion. (Answer at 3.) The postconviction motion was denied as untimely, the court of appeals affirmed the denial, and the Colorado Supreme Court denied certiorari review on January 14, 2008. (Answer at 3 and App. H.)

II. Analysis

The Court must construe liberally Mr. Klinck's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

3

> to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents maintain that it is arguable that Mr. Klinck's judgment became final on January 27, 1995,[2] forty-five days after he pled guilty to a deferred judgment and sentence. (Answer at 5.) Respondents contend that the entry of the deferred judgment was final for the purposes of 28 U.S.C. § 2244 and that even though Applicant's

---

[2] It is clear that Respondents inadvertently referred to January 27, 2005, rather than to January 27, 1995, as the date Applicant's judgment became final.

4

resentencing started a new limitations period for federal habeas purposes, the new time period only pertains to claims that relate to the new judgment. (Answer at 6.) Respondents further contend that to the extent Mr. Klinck's claims are cognizable in a federal habeas action they relate to the validity of his guilty plea and to the events that transpired prior to his plea. (Answer at 6.)

Nonetheless, for the purpose of determining when the one-year limitation period began to run, Respondents rely on the date that Mr. Klinck was sentenced due to his probation violation. (Answer at 6.) Respondents, therefore, conclude that the one-year time limitation began to run on September 29, 1996, on the forty-sixth day following the imposition of Applicant's eighteen-year sentence. (Answer at 6.) Respondents also assert that the limitations period ran for approximately one month before Mr. Klinck filed a motion for reconsideration of his sentence on December 10, 1996. (Answer at 7.) Respondents further assert that before the time ran during which Mr. Klinck could have appealed the denial of his motion for reconsideration he filed a motion for additional presentence credit, which the district court granted on June 13, 1997. (Answer at 7.) Respondents contend that tolling continued until July 27, 1997, during the forty-five days that Mr. Klinck had to appeal the June 13, 1997, decision. (Answer at 7.)

Respondents conclude that Mr. Klinck is time-barred because the § 2244(d) one-year time limitation expired in June 1998, and he did not file his first postconviction motion until August 5, 1999, which is approximately fourteen months after the one-year time limitation expired. (Answer at 7.)

In the Reply, Mr. Klinck asserts several reasons why his Application is not time-barred including that (1) § 2244(d) does not apply to him, (2) his case originated in April

1993 and applying § 2244(d) to him violates the Ex Post Facto laws, and (3) the statute of limitations has not run because (i) he filed his habeas Application within four months of exhausting his state court remedies, (ii) he claims excusable neglect due to ineffective assistance of counsel, (iii) the trial court divested itself of jurisdiction due to the impropriety of the first judge who presided over his state criminal proceedings and he is exempt from time-bar limitations, and (iv) the government has a duty to protect his rights. (Reply at 8-9.)

First, the Court must review Mr. Klinck's claims and determine whether he is challenging the December 8, 1994,[3] deferred judgment or the August 14, 1996, resentencing. Overall, Mr. Klinck asserts that (1) the first trial judge denied his due process rights when he failed to recuse himself in a timely manner and caused a delay of over six months in the criminal proceeding, because he had to seek removal of the judge; (2) the second trial judge denied Applicant's right to a speedy trial when the judge denied his motion to dismiss the criminal case based on the 161-day delay caused by the first trial judge's failure to recuse himself; (3) the second trial judge denied Applicant's right to a speedy trial when the judge denied his motion to dismiss the criminal case based on the delay caused by the mental evaluation ordered by the judge; (4) his motion for postconviction relief was timely, and he was improperly denied a hearing on the matter of jurisdiction; (5) trial counsel was ineffective for not appealing the denial of both motions to dismiss, and postconviction counsel was ineffective in his

---

[3] Applicant asserts that he pled guilty on December 5, 1994, and Respondents contend he pled guilty on December 8, 1994. The Court finds, according to the Register of Actions in Mr. Klinck's state criminal proceeding, he pled guilty on December 8, 1994.

argument of the speedy trial issues; and (6) his claims are subject to excusable neglect, because he was not aware until 2003 that his trial counsel failed to adequately argue the merits of the first motion to dismiss, and because postconviction counsel told him that he had no other appeals available when his postconviction motion was denied in 1999. (Application at 5-6(vi).)

Claims One through Three and part of Claim Five challenge Mr. Klinck's December 8, 1994, guilty plea and deferred judgment proceeding. Claim Four and part of Claim Five challenge the effectiveness of Applicant's postconviction counsel. Under 28 U.S.C. § 2254(i), Claim Four and the part of Claim Five that challenges the effectiveness of Applicant's postconviction counsel are not proper claims for relief in this action. As for Claim Six, Mr. Klinck does not assert he is in custody in violation of the U.S. Constitution or laws of the United States. Mr. Klinck simply argues why the Court should find that his claims are not time-barred.

Therefore, Claims One through Three and part of Claim Five are proper in the instant action. They challenge only the validity of Mr. Klinck's December 8, 1994, deferred judgment proceeding. Because Mr. Klinck failed to file a direct appeal of the 1994 deferred judgment, his conviction and sentence became final on January 23, 1995, forty-five days after he pled guilty. **See** Colo. App. R. 4(b); Colo. App. R. 26(a). Mr. Klinck's conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. Therefore, in the absence of any reason to toll the limitations period, Applicant should have initiated this action prior to April 24, 1997, one year after the statute's effective date. **See United States v. Simmonds**, 111 F.3d 737, 746 (10th Cir. 1997).

Mr. Klinck's first Colo. R. Crim. P. 35(c) postconviction motion challenging the December 8, 1994, plea was not filed until August 5, 1999. (Answer, App. A) Mr. Klinck did not have a postconviction motion or collateral proceeding pending in state court from April 25, 1997, the day after the one-year limitation period ran pursuant to § 2244(d), until August 8, 1999, the day prior to when he filed the Rule 35(c) postconviction motion, a period of over two years.

Mr. Klinck does not allege in either the Application or his Reply that there are any constitutional rights newly recognized by the Supreme Court that apply to his case. He also does not assert that there were any impediments to filing an application which were created by state action. Applicant, however, does assert that he did not know until 2003 that trial counsel failed to adequately argue his first motion to dismiss. Mr. Klinck further argues that he has diligently pursued his claims since 2003 and has attempted to educate himself on all issues surrounding the first motion to dismiss that was filed in his criminal proceeding.

Simply because Mr. Klinck found case law nine years after his resentencing that allegedly supports the granting of his first motion to dismiss in his criminal proceeding, does not mean that he could not have discovered the factual predicate for such a claim at the time of the deferred judgment. Furthermore, Mr. Klinck's attempt to educate himself over nine years after his deferred judgment was final does not show due diligence in pursuing his claims.

The Court, therefore, finds that the one-year limitation period began to run on April 25, 1996, the day after § 2244(d) became effective. Mr. Klinck did not file his first Rule 35(c) postconviction motion regarding his deferred judgment until August 5, 1999.

8

As a result, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Klinck bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

None of Mr. Klinck's equitable tolling claims, as set forth above, have merit. Section 2244(d) does apply to him and the statute does not violate the Ex Post Facto Clause. The Ex Post Facto Clause applies only when a law retrospectively changes the definition of criminal conduct or increases the punishment for the crime. *See Lynce v. Mathis*, 519 U.S. 433, 441 (1997). Section 2244(d) does not implicate a change in a definition or an increase of a punishment.

Mr. Klinck appears to assert that the one-year time limitation runs only from the time he exhausted his state court remedies, and he has filed the instant action in a timely manner, because he submitted the action within four months of exhausting his

state remedies in the highest state court. Mr. Klinck misinterprets the requirements set forth in § 2244(d) for filing a habeas action in this Court. As stated above, Mr. Klinck has one year from the time his conviction and sentence are final to file a § 2254 action in this Court. The time may be tolled if he has a postconviction motion or collateral proceeding pending in state court. As found above, Mr. Klinck did not file his first postconviction motion until August 5, 1999, over three years after his conviction became final.

Mr. Klinck's excusable neglect claim pertaining to ineffective assistance of counsel is not sufficient to support a claim of equitable tolling. To the extent Mr. Klinck argues counsel was ineffective during the deferred judgment proceedings, counsel's ineffectiveness was discoverable at the time of the proceedings, and Mr. Klinck has not demonstrated due diligence in pursuing this claim or an extraordinary circumstance that justifies equitable tolling.

As for Mr. Klinck's ineffective assistance of counsel claim regarding his postconviction proceedings, there is no federal constitutional right to postconviction review in state courts. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987). A claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for [the applicant's] incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *see also Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (noting that petitioner's challenge to state "post-conviction procedures on their face and as

applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding").

Furthermore, Mr. Klinck's duty to protect claim is conclusory and fails to state any extraordinary situations when circumstances beyond his control made it impossible for him to file the habeas corpus application on time.

Finally, to the extent that Mr. Klinck asserts he had limited knowledge regarding the issues he has raised in the instant Application, which he claims justifies excusable neglect, the claim fails to merit the finding of equitable tolling. First, excusable neglect is not sufficient to support equitable tolling. Second, it is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)).

The Court finds that Mr. Klinck fails to demonstrate that equitable tolling is appropriate, and the instant action is barred by the one-year limitation period.

### B. State-Court Exhaustion

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the

11

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Respondents argue that Mr. Klinck has failed to exhaust any of the claims he has presented. With respect to Claim One, Respondents assert that Mr. Klinck did not invoke a full round of appellate review. (Answer at 9.) Respondents further assert that no state remedy remains available to Mr. Klinck in Claim One, and any attempt to relitigate this claim would be rejected as time-barred, successive, and an abuse of process. (Answer at 10.) Respondents conclude that Claim One is a defaulted claim,

and the only way that Mr. Klinck may overcome the default is by establishing cause and prejudice or a fundamental miscarriage of justice such as actual innocence. (Answer at 11.)

With respect to Claims Two through Six, Respondents assert that these claims were disposed of on independent and adequate state procedural grounds and are foreclosed from federal habeas review. (Answer at 10.) Respondents further contend that the claims were dismissed as untimely, and again federal habeas review is barred unless Mr. Klinck can demonstrate cause and prejudice or a fundamental miscarriage of justice such as actual innocence. (Answer at 11-12.)

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). The Court finds that Respondents have shown that Mr. Klinck's claims were defaulted in state court on an independent and adequate state procedural ground.

Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns. *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991). Mr. Klinck's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

In his Reply, Mr. Klinck does not specifically address the issue of exhaustion of state court remedies. For the most part, he argues the merits of his claims. To the

13

extent that he does claim that he was prejudiced by the delay in his criminal proceedings and that the state court was without jurisdiction due to the bad faith acts committed by the original, district court judge presiding over the proceedings, neither of these claims demonstrate cause and prejudice or a fundamental miscarriage of justice for failing to exhaust his claims.

Ineffective assistance of counsel, however, may establish cause excusing a procedural default. *Jackson*, 143 F.3d at 1319. Although Mr. Klinck asserts ineffective assistance of counsel in that trial counsel failed to appeal the denials of Applicant's motions to dismiss and to adequately argue one of the motions to dismiss, he has failed to present any evidence of a fundamental miscarriage of justice. *Id.* Mr. Klinck does not show the probability of actual innocence required by the fundamental miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

III. Conclusion

Based on the above findings, the Court will deny the Application and dismiss the action as barred from federal habeas review because the Application is time-barred under § 2244(d), and because the claims are procedurally defaulted in state court and Applicant has failed to present any evidence of a fundamental miscarriage of justice.

As for Mr. Klinck's request for appointment of counsel, set forth in his Reply, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008). "[G]enerally appointment of counsel in a § 2254 proceeding is left to the court's discretion." *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.

1994); see also *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991). Because the Court finds that the Application is barred by § 2244(d) and Applicant's claims are procedurally defaulted in state court Mr. Klinck's request for appointment of counsel will be denied as moot. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d), and the claims are procedurally defaulted in state court. It is

FURTHER ORDERED that Mr. Klinck's request for counsel, set forth in his Reply, is DENIED as moot.

DATED at Denver, Colorado, this 14 day of Aug, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00889-BNB

Wayne Michael Klinck
Boulder Community Treatment Center
1770 21st Street
Boulder, CO 80302

John J. Fuerst, III
Senior Assistant Attorney General
Office of the Attorney Genera
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/15/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk